# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LATWAHN McELROY,<br><br>             Plaintiff,<br><br>     v.<br><br>EMBERY, et al.,<br><br>             Defendants.<br>_____/ | CASE NO. 1:07-cv-01559-LJO DLB PC<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING THAT PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTIVE RELIEF BE DENIED AS MOOT<br><br>(Doc. 7). |

Plaintiff Latwahn McElroy ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On November 26, 2007, Plaintiff filed a motion for a temporary restraining order and/or preliminary injunctive relief. (Doc. 7) Plaintiff seeks an order requiring defendants at Kern Valley State Prison provide him with a variety of medical therapies and treatments, an order transferring him to a different facility, and declaratory relief.

The purpose of a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. University of Texas v. Camenisch, 451 U.S. 390, 395 (1981). A preliminary injunction is available to a plaintiff who "demonstrates either (1) a combination of probable success and the possibility of irreparable harm, or (2) that serious questions are raised and the balance of hardship tips in its favor." Arcamuzi v. Continental Air Lines, Inc., 819 F. 2d 935, 937 (9th Cir. 1987). Under either approach the plaintiff "must demonstrate a significant threat of irreparable injury." Id. Also, an injunction should not issue if the

1

1  plaintiff "shows no chance of success on the merits." Id. At a bare minimum, the plaintiff "must
2  demonstrate a fair chance of success of the merits, or questions serious enough to require litigation."
3  Id.

4  Federal courts are courts of limited jurisdiction, and as a preliminary matter, the court must
5  have before it an actual case or controversy. City of Los Angeles v. Lyons, 461 U.S. 95, 102, 103
6  S.Ct. 1660, 1665 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and
7  State, Inc., 454 U.S. 464, 471, 102 S.Ct. 752, 757-58 (1982); Jones v. City of Los Angeles, 444 F.3d
8  1118, 1126 (9th Cir. 2006). If the court does not have an actual case or controversy before it, it has
9  no power to hear the matter in question. Id. "A federal court may issue an injunction if it has
10 personal jurisdiction over the parties and subject matter jurisdiction over the claim; *it may not*
11 *attempt to determine the rights of persons not before the court*." Zepeda v. United States
12 Immigration Service, 753 F.2d 719, 727 (9th Cir. 1985) (emphasis added).

13 When an inmate seeks injunctive or declaratory relief concerning the prison where he is
14 incarcerated, his claims for such relief become moot when he is no longer subjected to those
15 conditions. Nelson v. Heiss, 271 F.3d 891, 897 (9th Cir. 2001); Dilley v. Gunn, 64 F.3d 1365, 1368
16 (9th Cir. 1995); Johnson v. Moore, 948 F.2d 517, 519 (9th Cir. 1991). In this instance, plaintiff was
17 recently transferred to California State Prison - Sacramento ("CSP-Sac"). Plaintiff's transfer from
18 Kern Valley State Prison rendered any claim for equitable relief against the defendants moot.
19 However, plaintiff may still proceed with his claim against defendants for damages.[1]

20 The court does not know whether the medical concerns underlying plaintiff's instant request
21 for equitable relief persist at CSP-Sac. Even if that is the case, plaintiff is advised that the court has
22 no personal jurisdiction over the individuals at CSP-Sac, since the court may not determine the rights
23 of persons not before the court. Zepeda.

24 ///
25 ///

---

[1] By order issued separately, this court screened plaintiff's complaint, filed October 25, 2007, and found that plaintiff states cognizable claims for relief against defendants Embery and Smith. Plaintiff was provided with the option of filing an amended complaint, or notifying the court that he wishes to proceed only on the claims found to be cognizable.

1    Accordingly, the court HEREBY RECOMMENDS that plaintiff's motion for preliminary
2 injunctive relief, filed November 26, 2007, be DENIED as moot.
3    These Findings and Recommendations will be submitted to the United States District Judge
4 assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **fifteen (15)**
5 **days** after being served with these Findings and Recommendations, plaintiff may file written
6 objections with the court.  The document should be captioned "Objections to Magistrate Judge's
7 Findings and Recommendations."  Plaintiff is advised that failure to file objections within the
8 specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d
9 1153 (9th Cir. 1991).
10   IT IS SO ORDERED.
11   **Dated:   August 11, 2008**            **/s/ Dennis L. Beck**
                                              UNITED STATES MAGISTRATE JUDGE