# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LATWAHN McELROY, | CASE NO. 1:07-cv-01559-LJO DLB PC |
| Plaintiff, | ORDER REQUIRING PLAINTIFF TO EITHER FILE AMENDED COMPLAINT OR NOTIFY COURT OF WILLINGNESS TO PROCEED ONLY ON CLAIMS FOUND TO BE COGNIZABLE |
| v. | |
| EMBERY, et al., | |
| Defendants. | (Doc. 1) |
| / | RESPONSE DUE WITHIN THIRTY DAYS |

**Screening Order**

**I.     Screening Requirement**

Plaintiff Latwahn McElroy ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on October 25, 2007.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited

exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

## II.     Summary of Plaintiff's Complaint

Plaintiff is currently housed at California State Prison - Sacramento. The events giving rise to the claims at issue in this action allegedly occurred at Kern Valley State Prison, where plaintiff was previously incarcerated. Plaintiff names R.N. Embery, R.N. Smith, Associate Warden Kay, yard physician Dr. Vasquez, orthopaedic expert John Doe, and the Department of Corrections as defendants. Plaintiff alleges that defendants collectively failed to provide him with proper and/or adequate medical treatment for a variety of ailments.

Plaintiff states that he suffers from a serious debilitating condition due to defendants' failure to attempt curative or palliative treatment. Plaintiff alleges that he suffers from deterioration of his right leg. Plaintiff alleges that defendant Embery failed to follow up on a leg brace prescribed to plaintiff because she ran out, and that the yard physician, presumably defendant Vasquez, did not administer treatment to stimulate and correct nerve and blood distribution.

Plaintiff also alleges that defendant Vasquez "failed to renew chronos and/or advise prison officials that [plaintiff] due to medical reasons and permanent shoulder damages plaintiff is unable to use restraints." Plaintiff alleges that defendants Embery and Smith failed to advise prison housing sergeants of his functional limitations, and also failed to administer various doctors' orders for medication refills and renewals for a seat cushion and egg-crate mattress, insoles, back brace, leg brace, anti-fungal treatment and soaking tub and solution, epsom salt, moisturizer, special soap, and inhalers.

1 Plaintiff further contends that he is prescribed a "liquid nutrition" because of his food allergies, bowel problems, and loss of appetite due to his right leg, and that since November 2006 defendant Smith has failed or refused to administer his nutrition.

Plaintiff further states that on April 7, 2007, he fell on his hip and face, causing his right eye to swell for "some time". Plaintiff alleges that defendant Vasquez failed to treat him.

Finally, plaintiff alleges that defendant Kay "acquiesced" in the medical treatment. Plaintiff also asserts that the unidentified orthopaedic foot doctor has not issued an ankle support to plaintiff.

**III.     Eighth Amendment Medical Care Claim**

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. "Section 1983 . . . creates a cause of action for violations of the federal Constitution and laws." Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997) (internal quotations omitted.) "To the extent that the violation of a state law amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, Section 1983 offers no redress." Id.

Section 1983 plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "'A person 'subjects' another to the deprivation of a constitutional right, within the meaning of [§] 1983, if [that person] does an affirmative act, participates in another's affirmative acts or omits to perform an act which [that person] is legally required to do that causes the deprivation of which complaint is made.'" Hydrick v. Hunter, 466 F.3d 676, 689 (9th Cir. 2006) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)). "[T]he 'requisite causal connection can be established not only by some kind of direct, personal participation in the deprivation, but also be setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury.'" Id. (quoting Johnson at 743-44).

3

Plaintiff's claim involves his medical care and therefore falls within the purview of the Eighth Amendment. To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). A prisoner's claim of inadequate medical care does not rise to the level of an Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal civilized measure of life's necessities,'" and (2) "the prison official 'acted with deliberate indifference in doing so.'" Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)). A prison official does not act in a deliberately indifferent manner unless the official "knows of and disregards an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 834 (1994). Deliberate indifference may be manifested "when prison officials deny, delay or intentionally interfere with medical treatment," or in the manner "in which prison physicians provide medical care." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). Where a prisoner is alleging a delay in receiving medical treatment, the delay must have led to further harm in order for the prisoner to make a claim of deliberate indifference to serious medical needs. McGuckin, 974 F.2d at 1060 (citing Shapely v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985)).

### A. Defendants Embery and Smith

Plaintiff has alleged sufficient facts to allow him to proceed against Defendants Embery and Smith for violation of the Eighth Amendment. Plaintiff's allegations that they repeatedly failed to administer physicians' orders are sufficient to support a claim that defendants Embery and Smith may be liable under the Eighth Amendment.

### B. Defendant Vasquez

Plaintiff's allegations do not give rise to a claim for relief against Defendant Vasquez. "Deliberate indifference is a high legal standard." Toguchi, 391 F.3d at 1060. "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" Id. at 1057 (quoting Farmer, 511 U.S. at 837). "'If a prison official should have been aware of the risk, but was

4

1 not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" Id.
2 (quoting Gibson v. County of Washoe, Nevada, 290 F.3d 1175, 1188 (9th Cir. 2002)).

3   Plaintiff's allegations simply do not support a claim that defendant "[knew] of and
4 disregard[ed] an excessive risk to [plaintiff's] health . . . ." Farmer, 511 U.S. at 837. At most,
5 plaintiff's allegations establish that he disagrees with defendant Vasquez's medical treatment.
6 However, "[a] difference of opinion between a prisoner-patient and prison medical authorities
7 regarding treatment does not give rise to a s.1983 claim." Franklin v. Oregon, 662 F.2d 1337, 1344
8 (9th Cir. 1981) (internal citation omitted). To the extent that defendant's conduct rose to the level
9 of negligence, negligence is insufficient to support a claim for relief under section 1983 for violation
10 of the Eighth Amendment. See Estelle v. Gamble, 429 U.S. at 106; see also Anderson v. County of
11 Kern, 45 F.3d 1310, 1316 (9th Cir. 1995); McGuckin v. Smith, 974 F.2d 1050, 1050 (9th Cir. 1992),
12 overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en
13 banc); Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990).

14   **C.   Orthopaedist Defendant John Doe**

15   Plaintiff's allegations are insufficient to support a claim against the John Doe orthopaedist.
16 Plaintiff alleges only that the orthopaedist defendant did not issue plaintiff an ankle support. These
17 factual allegations do not support any inference that the defendant "[knew] of and disregard[ed] an
18 excessive risk to [Plaintiff's] health . . . ." Farmer, 511 U.S. at 837.

19   **D.   Defendant Associate Warden Kay**

20   With respect to defendant Kay, under section 1983, liability may not be imposed on
21 supervisory personnel for the actions of their employees under a theory of respondeat superior.
22 When the named defendant holds a supervisorial position, the causal link between the defendant and
23 the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858,
24 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S.
25 941 (1979). To state a claim for relief under section 1983 for supervisory liability, plaintiff must
26 allege some facts indicating that the defendant either: personally participated in the alleged
27 deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or
28 promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of

5

constitutional rights' and is 'the moving force of the constitutional violation.'" <u>Hansen v. Black</u>, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); <u>Taylor v. List</u>, 880 F.2d 1040, 1045 (9th Cir. 1989).

Plaintiff has not alleged any facts indicating that defendant Kay personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" <u>Hansen v. Black</u> at 646. Plaintiff fails to state a cognizable claim as against defendant Kay.

  **E.**  **Defendant Department of Corrections**

Finally, plaintiff has named the Department of Corrections as a defendant. Plaintiff may not bring suit against CDCR in federal court because it is a state agency and is entitled to Eleventh Amendment immunity. <u>Aholelei v. Dept. of Public Safety</u>, 488 F.3d 1144, 1147 (9th Cir. 2007).

**Conclusion and Order**

Plaintiff's complaint states a claim under the Eighth Amendment against defendants Embery and Smith, but fails to state a claim against the remaining defendants. The Court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the Court in this order.

If Plaintiff does not wish to file an amended complaint and is agreeable to proceeding only against Defendants Embery and Smith, Plaintiff may so notify the Court in writing, and the Court will issue a Findings and Recommendations recommending that Defendants Vasquez, Kay, John Doe orthopaedist, and CDC be dismissed from this action, and will forward Plaintiff two summonses and two USM-285 forms for completion and return. Upon receipt of the forms, the Court will direct the United States Marshal to initiate service of process.

If Plaintiff opts to amend, he must demonstrate in his complaint how the conditions complained of have resulted in a deprivation of his constitutional rights. See <u>Ellis v. Cassidy</u>, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in brief but specific terms how each named defendant is involved. There can be no liability unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. <u>Rizzo v. Goode</u>, 423 U.S. 362 (1976);

6

1  May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir.
2  1978).
3      Finally, Plaintiff is advised that an amended complaint supercedes the original complaint,
4  Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567
5  (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded
6  pleading," Local Rule 15-220.  Plaintiff is warned that "[a]ll causes of action alleged in an original
7  complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing
8  to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at
9  1474.
10     Based on the foregoing, it is HEREBY ORDERED that:
11     1.   The Clerk's Office shall send Plaintiff a civil rights complaint form;
12     2.   Within **thirty (30) days** from the date of service of this order, Plaintiff must either:
13          a.   File an amended complaint curing the deficiencies identified by the Court in
14               this order, or
15          b.   Notify the Court in writing that he does not wish to file an amended
16               complaint and wishes to proceed only against Defendants Embery and Smith
17               on his Eighth Amendment medical care claim; and
18     3.   If Plaintiff fails to comply with this order, this action will be dismissed for failure to
19          obey a court order.

21     IT IS SO ORDERED.
22     Dated:   **August 11, 2008**              **/s/ Dennis L. Beck**
                                                 UNITED STATES MAGISTRATE JUDGE

7