1

2

3

4

5

6

7

8                     **IN THE UNITED STATES DISTRICT COURT**

9               **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11 LATWAHN McELROY,              CASE NO. 1:07-cv-01559 LJO DLB P

12           Plaintiff,         _____FINDINGS AND RECOMMENDATIONS

                                           RECOMMENDING DISMISSAL OF

13      vs.                          CERTAIN CLAIMS

14 EMBERY, et al.,             (Doc. 11)

15           Defendants.

16 _____/

17          **Findings and Recommendations Following Screening of Complaint**

18        Plaintiff Latwahn McElroy("plaintiff") is a state prisoner proceeding pro se and in forma pauperis

19 in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on October 25, 2007.

20        On August 11, 2008, the court issued an order finding that plaintiff's allegations give rise to

21 cognizable claims for relief under section 1983 against defendants Embery and Smith for violating

22 plaintiff's Eighth Amendment rights. However, the court found that plaintiff's allegations do not give

23 rise to any claims for relief against defendants Department of Corrections, Warden Kay, Dr. Vasquez,

24 orthopaedic expert John Doe. The court ordered plaintiff to either file an amended complaint or notify

25 the court that he wishes to proceed only on his Eighth Amendment claims. On August 28, 2008,

26 plaintiff notified the court that he does not wish to amend and wishes to proceed only his cognizable

27 claims. Based on plaintiff's notice, the instant Findings and Recommendations now issues.

28 ////

### I.      Screening Requirement

Plaintiff Latwahn McElroy ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed this action on October 25, 2007.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions.  Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a).  Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a).  "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."  Swierkiewicz, 534 U.S. at 512.  However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations."  Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989).  "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled."  Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

### II.      Summary of Plaintiff's Complaint

Plaintiff is currently housed at California State Prison - Sacramento.  The events giving rise to the claims at issue in this action allegedly occurred at Kern Valley State Prison, where plaintiff was previously incarcerated.  Plaintiff names R.N. Embery, R.N. Smith, Associate Warden Kay, yard physician Dr. Vasquez, orthopaedic expert John Doe, and the Department of Corrections as defendants.  Plaintiff alleges that defendants collectively failed to provide him with proper and/or adequate medical

2

1   treatment for a variety of ailments.

2         Plaintiff states that he suffers from a serious debilitating condition due to defendants' failure to

3   attempt curative or palliative treatment.  Plaintiff alleges that he suffers from deterioration of his right

4   leg. Plaintiff alleges that defendant Embery failed to follow up on a leg brace prescribed to plaintiff

5   because she ran out, and that the yard physician, presumably defendant Vasquez, did not administer

6   treatment to stimulate and correct nerve and blood distribution.

7         Plaintiff also alleges that defendant Vasquez "failed to renew chronos and/or advise prison

8   officials that [plaintiff] due to medical reasons and permanent shoulder damages plaintiff is unable to

9   use restraints."  Plaintiff alleges that defendants Embery and Smith failed to advise prison housing

10  sergeants of his functional limitations, and also failed to administer various doctors' orders for

11  medication refills and renewals for a seat cushion and egg-crate mattress, insoles, back brace, leg brace,

12  anti-fungal treatment and soaking tub and solution, epsom salt, moisturizer, special soap, and inhalers.

13        Plaintiff further contends that he is prescribed  a "liquid nutrition" because of his food allergies,

14  bowel problems, and loss of appetite due to his right leg, and that since November 2006 defendant Smith

15  has failed or refused to administer his nutrition.

16        Plaintiff further states that on April 7, 2007, he fell on his hip and face, causing his right eye to

17  swell for "some time".  Plaintiff alleges that defendant Vasquez failed to treat him.

18        Finally, plaintiff alleges that defendant Kay "acquiesced" in the medical treatment. Plaintiff also

19  asserts that the unidentified orthopaedic foot doctor has not issued an ankle support to plaintiff.

20  **III.    Eighth Amendment Medical Care Claim**

21  The Civil Rights Act under which this action was filed provides:

22          Every person who, under color of [state law] . . . subjects, or causes to be
        subjected, any citizen of the United States . . . to the deprivation of any

23          rights, privileges, or immunities secured by the Constitution . . . shall be
        liable to the party injured in an action at law, suit in equity, or other

24          proper proceeding for redress.

25  42 U.S.C. § 1983.  "Section 1983 . . . creates a cause of action for violations of the federal Constitution

26  and laws." Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997) (internal quotations

27  omitted.)  "To the extent that the violation of a state law amounts to the deprivation of a state-created

28  interest that reaches beyond that guaranteed by the federal Constitution, Section 1983 offers no redress."

1   Id.

2       Section 1983 plainly requires that there be an actual connection or link between the actions of

3 the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department

4 of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "'A person 'subjects'

5 another to the deprivation of a constitutional right, within the meaning of [§] 1983, if [that person] does

6 an affirmative act, participates in another's affirmative acts or omits to perform an act which [that

7 person] is legally required to do that causes the deprivation of which complaint is made.'" Hydrick v.

8 Hunter, 466 F.3d 676, 689 (9th Cir. 2006) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir.

9 1978)). "[T]he 'requisite causal connection can be established not only by some kind of direct, personal

10 participation in the deprivation, but also be setting in motion a series of acts by others which the actor

11 knows or reasonably should know would cause others to inflict the constitutional injury.'" Id. (quoting

12 Johnson at 743-44).

13       Plaintiff's claim involves his medical care and therefore falls within the purview of the Eighth

14 Amendment.   To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison

15 conditions must involve "the wanton and unnecessary infliction of pain." Rhodes v. Chapman, 452 U.S.

16 337, 347 (1981). A prisoner's claim of inadequate medical care does not rise to the level of an Eighth

17 Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal civilized

18 measure of life's necessities,'" and (2) "the prison official 'acted with deliberate indifference in doing

19 so.'" Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting Hallett v. Morgan, 296 F.3d 732,

20 744 (9th Cir. 2002) (citation omitted)). A prison official does not act in a deliberately indifferent manner

21 unless the official "knows of and disregards an excessive risk to inmate health or safety." Farmer v.

22 Brennan, 511 U.S. 825, 834 (1994). Deliberate indifference may be manifested "when prison officials

23 deny, delay or intentionally interfere with medical treatment," or in the manner "in which prison

24 physicians provide medical care." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled

25 on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). Where

26 a prisoner is alleging a delay in receiving medical treatment, the delay must have led to further harm in

27 order for the prisoner to make a claim of deliberate indifference to serious medical needs. McGuckin,

28 974 F.2d at 1060 (citing Shapely v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir.

4

1    1985)).

2                    **A.      Defendants Embery and Smith**

3         Plaintiff has alleged sufficient facts to allow him to proceed against Defendants Embery and

4    Smith for violation of the Eighth Amendment.  Plaintiff's allegations that they repeatedly failed to

5    administer physicians' orders are sufficient to support a claim that defendants Embery and Smith may

6    be liable under the Eighth Amendment.

7                    **B.      Defendant Vasquez**

8         Plaintiff's allegations do not give rise to a claim for relief against Defendant Vasquez.

9    "Deliberate indifference is a high legal standard." Toguchi, 391 F.3d at 1060.  "Under this standard, the

10   prison official must not only 'be aware of the facts from which the inference could be drawn that a

11   substantial risk of serious harm exists,' but that person 'must also draw the inference.'" Id. at 1057

12   (quoting Farmer, 511 U.S. at 837).  "'If a prison official should have been aware of the risk, but was not,

13   then the official has not violated the Eighth Amendment, no matter how severe the risk.'" Id. (quoting

14   Gibson v. County of Washoe, Nevada, 290 F.3d 1175, 1188 (9th Cir. 2002)).

15        Plaintiff's allegations simply do not support a claim that defendant "[knew] of and disregard[ed]

16   an excessive risk to [plaintiff's] health . . . ." Farmer, 511 U.S. at 837.  At most, plaintiff's allegations

17   establish that he disagrees with defendant Vasquez's medical treatment.  However, "[a] difference of

18   opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise

19   to a s.1983 claim." Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981) (internal citation omitted).

20   To the extent that defendant's conduct rose to the level of negligence, negligence is insufficient to

21   support a claim for relief under section 1983 for violation of the Eighth Amendment.  See Estelle v.

22   Gamble, 429 U.S. at 106; see also Anderson v. County of Kern, 45 F.3d 1310, 1316 (9th Cir. 1995);

23   McGuckin v. Smith, 974 F.2d 1050, 1050 (9th Cir. 1992), overruled on other grounds, WMX Techs.,

24   Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc); Wood v. Housewright, 900 F.2d 1332,

25   1334 (9th Cir. 1990).

26                   **C.      Orthopaedist Defendant John Doe**

27        Plaintiff's allegations are insufficient to support a claim against the John Doe orthopaedist.

28   Plaintiff alleges only that the orthopaedist defendant did not issue plaintiff an ankle support.   These

                                                        5

1    factual allegations do not support any inference that the defendant "[knew] of and disregard[ed] an

2    excessive risk to [Plaintiff's] health . . . ." Farmer, 511 U.S. at 837.

3    **D.      Defendant Associate Warden Kay**

4        With respect to defendant Kay, under section 1983, liability may not be imposed on supervisory

5    personnel for the actions of their employees under a theory of respondeat superior. When the named

6    defendant holds a supervisorial position, the causal link between the defendant and the claimed

7    constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir.

8    1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). To

9    state a claim for relief under section 1983 for supervisory liability, plaintiff must allege some facts

10   indicating that the defendant either: personally participated in the alleged deprivation of constitutional

11   rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy

12   so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of

13   the constitutional violation.'" Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations

14   omitted); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

15       Plaintiff has not alleged any facts indicating that defendant Kay personally participated in the

16   alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or

17   promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional

18   rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black at 646. Plaintiff fails

19   to state a cognizable claim as against defendant Kay.

20   **E.      Defendant Department of Corrections**

21       Finally, plaintiff has named the Department of Corrections as a defendant. Plaintiff may not

22   bring suit against CDCR in federal court because it is a state agency and is entitled to Eleventh

23   Amendment immunity. Aholelei v. Dept. of Public Safety, 488 F.3d 1144, 1147 (9th Cir. 2007).

24   **IV.    Conclusion**

25       The court finds that plaintiff's allegations give rise to cognizable claims for relief under section

26   1983 against defendants Embery and Smith for violating plaintiff's Eighth Amendment rights. However,

27   the court finds that plaintiff's allegations do not give rise to any claims for relief against the remaining

28   defendants. The court provided plaintiff with the opportunity to file an amended complaint but plaintiff

6

opted to proceed on the claims found to be cognizable by the court.   Accordingly, it is HEREBY

RECOMMENDED that:

      1.      This action proceed only against defendants Embery and Smith on plaintiff's Eighth Amendment claims; and

      2.      Plaintiff's claims against defendants Department of Corrections, Warden Kay, Dr. Vasquez, orthopaedic expert John Doe be dismissed for failure to state any claims upon which relief may be granted.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).   Within thirty (30) days after being served with these Findings and Recommendations, plaintiff may file written objections with the court.   The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."   Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.   <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   September 3, 2008**           **/s/ Dennis L. Beck**
                                   UNITED STATES MAGISTRATE JUDGE