# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LATWAHN MCELROY,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>EMBERY, et al.,<br><br>　　　　Defendants.<br>_____/ | CASE NO. 1:07-CV-01559-LJO DLB-PC<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION FOR FAILURE TO PROSECUTE<br><br>(Doc. 30)<br><br>OBJECTIONS, IF ANY, DUE WITHIN **TWENTY (20)** DAYS |

Plaintiff Latwahn McElroy ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on October 25, 2007. On March 2, 2009, defendant Embery filed a motion to dismiss. (Doc. 29.). On April 21, 2009, the Court issued an order directing Plaintiff to file a response to the motion within thirty days. (Doc. 30.)  More than thirty days have passed and Plaintiff has not responded to the motion or otherwise responded to the Court's order.

In determining whether to dismiss this action for failure to comply with the directives set forth in its order, "the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (citing Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

"'The public's interest in expeditious resolution of litigation always favors dismissal,'" id.

1

1  (quoting Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999)), and here, the action
2  has been pending nearly two years.  Plaintiff is obligated to comply with the Local Rules and was
3  informed via court order regarding the need to respond to a motion to dismiss.  Despite Plaintiff's
4  duty to comply with all applicable rules and despite the previous issuance of the Second
5  Informational order advising Plaintiff of his right to oppose a motion, the Court again prompted
6  Plaintiff to comply by filing an opposition or a statement of non-opposition.  The Court's effort was
7  met with silence from Plaintiff, and the Court cannot effectively manage its docket if a party ceases
8  litigating the case.  Thus, both the first and second factors weigh in favor of dismissal.

9  Turning to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in and
10 of itself to warrant dismissal." Id. (citing Yourish at 991).  However, "delay inherently increases the
11 risk that witnesses' memories will fade and evidence will become stale," id., and it is Plaintiff's
12 failure to comply with the Local Rules and the Court's order that is causing delay.  Therefore, the
13 third factor weight in favor of dismissal.

14 As for the availability of lesser sanctions, there is little available to the Court which would
15 constitute a satisfactory lesser sanction while protecting the Court from further unnecessary
16 expenditure of its scarce resources.  Plaintiff is proceeding in forma pauperis in this action, making
17 monetary sanctions of little use, and the preclusion of evidence or witnesses is likely to have no
18 effect given that Plaintiff has ceased litigating his case.

19 Finally, because public policy favors disposition on the merits, this factor usually weighs
20 against dismissal.  Id. at 643.  However, "this factor lends little support to a party whose
21 responsibility it is to move a case toward disposition on the merits but whose conduct impedes
22 progress in that direction," In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d
23 1217, 1228 (9th Cir. 2006) (internal quotations and citations omitted), as is the case here.

24 In summary, Plaintiff filed this action but is no longer prosecuting it.  More than three months
25 have passed since Defendant filed the motion to dismiss, and Plaintiff has not responded, despite
26 being notified of the requirement to respond via the Court's Second Informational Order, and the
27 Court's order specifically directing him to respond.  (Docs. 22, 29.)  This Court is buried under a
28 veritable flood of civil cases and simply cannot afford to expend resources resolving an unopposed

1 motion to dismiss in a case the Plaintiff is no longer prosecuting.  Accordingly, the Court finds that
2 dismissal is the appropriate sanction and HEREBY RECOMMENDS that this action be dismissed,
3 with prejudice, for failure to prosecute.
4     These Findings and Recommendations will be submitted to the United States District Judge
5 assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **twenty (20)**
6 **days** after being served with these Findings and Recommendations, the parties may file written
7 objections with the court.  The document should be captioned "Objections to Magistrate Judge's
8 Findings and Recommendations."  The parties are advised that failure to file objections within the
9 specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d
10 1153 (9th Cir. 1991).

11     IT IS SO ORDERED.

12     **Dated:   June 11, 2009**          /s/ **Dennis L. Beck**
                                            UNITED STATES MAGISTRATE JUDGE